## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**WARREN OLIVER, DC# 781409,**

      Plaintiff,

  -vs-                    **CASE NO. 3:11-cv-00964-RBD-MCR**

**OFFICER HARDEN,**
**WARDEN BARRY REDDISH, et al.,**

      Defendants.
_____/

### Defendants' Motion to Dismiss

      Defendants HARDEN, REDDISH, WOOD, SWAIN, and BROWN through

undersigned counsel, submit this Motion to Dismiss pursuant to Rule 12(b)(6),

Federal Rules of Civil procedure, and request the Complaint (DE 1) be dismissed

in part for failure to state a claim. As grounds, Defendants state:

### Plaintiff's Allegations

      Plaintiff, an inmate in the custody of the Florida Department of Corrections,

alleges that on May 7, 2011, Defendants WOOD and HARDEN[1] and two other

officers escorted Plaintiff and other inmates to the day room in handcuffs, rather

than full restraints. DE 1, at 8. Plaintiff alleges he was attacked by another inmate

he identifies as Robert Olin who slipped out of his handcuffs when left

_____

[1] Plaintiff refers to these officers as "Woody" and "Hardy." DE 1, at 8.

unmonitored.  DE1, at 8-9.   According to Plaintiff, a white screen in front of the

day room blocked officers' view from the officer's station into the day room.  DE

1, at 8.  Plaintiff also alleges the Defendants HARDEN and WOOD paid Olin to

assault him and that Olin has attacked other restrained inmates. DE 1, at 8-9.

Plaintiff alleges that Defendant SWAIN was deliberately indifferent to the risk to

his health and safety because he is a shift supervisor. DE 1, at 9-10.  Plaintiff

alleged that Defendant REDDISH, the warden, was deliberately indifferent

because REDDISH has received many complaints and should have had the officers

stop placing the white sheet in front of the officer's station and direct the officers

to monitor inmates in the day room.  DE 1, at 10.  Plaintiff alleges he had cuts and

bruises on his face from the assault. DE 1, at 9.   Plaintiff alleges he still has

physical, mental, and emotional pain.   DE 1, at 10.

## I.   Plaintiff has not stated a claim for supervisory liability; Defendants SWAIN and REDDISH are entitled to qualified immunity.

Plaintiff alleges that Warden REDDISH and Lieutenant SWAIN are liable

by virtue of being supervisors. DE 1, at 9.  Further, in conclusory fashion, Plaintiff

alleges that Defendant REDDISH had received many "complaints" and, therefore,

should have had the officers stop placing the white sheet in front of the officer's

station and direct officers to monitor inmates in the day room. DE 1, at 10.

However, the only specific allegations in Plaintiff's complaint are the allegations

from May 7, 2011.  A single alleged incident is insufficient to show an

unconstitutional policy. <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984) (stating that a prisoner who brings supervisory liability suit cannot satisfy his burden by pointing to a single incident or to isolated incidents); <u>Lamar v. Crosby</u>, No. 5:05cv203/RS, 2006 WL 2471453, at * 6 (N.D.Fla. Aug. 23, 2006) ("Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied."). <u>See</u> <u>also</u> <u>Gilmere v. City of Atlanta, Ga.</u>, 737 F.2d 894, 904 (11th Cir. 1984) (stating that a single incident of police misconduct is insufficient to establish custom or unconstitutional policy); <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 768 at n. 3 (5th Cir. 1984) (listing cases stating that isolated violations do not establish custom or policy); <u>Berry v. McLemore</u>, 670 F.2d 30, 32 (5th Cir. 1982) (stating that single improper arrest not custom); <u>McClelland v. Facteau</u>, 610 F.2d 693 (10th Cir. 1979); <u>Turpin v. Mailet</u>, 619 F.2d 196, 202 (2d Cir. 1980) (failing to discipline officer for single incident of illegality was not official policy).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must make more than vague and conclusory assertions. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009)[2];

---

[2] As stated in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009), "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." Further:

To survive a motion to dismiss, a complaint must contain sufficient factual

Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1366 (11th Cir. 1998); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  Plaintiff's allegation of "supervisor liability" in this case against the above Defendants, if viewed as a syllogism, is missing the essential premises to complete the syllogism.  Plaintiff merely offers a legal conclusion (*i.e.*, supervisory liability) without the requisite supporting facts (*i.e.*, specific examples of other instances of threats of assault to Plaintiff by inmate Olin which are known by Defendants).  Courts are not required to accept as true broad legal conclusions set forth as factual allegations. Assoc. Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

Furthermore, Defendants named simply because of their supervisory roles cannot be held liable under a *respondeat superior* theory.  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir.

---

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

Iqbal, 129 S.Ct. at 1949.  Plaintiff has failed to plead facts showing he is entitled to relief because he has failed to allege "more than the mere possibility of misconduct."  Accordingly, Warden Reddish and Lieutenant Swain are entitled to qualified immunity regarding the supervisor liability claims as Plaintiff has not stated a Constitutional claim against them.  See Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

1995).  Accordingly, Plaintiff's claims against Defendants REDDISH and SWAIN must be dismissed.

## II.  Plaintiff has not stated a claim for failure to protect against Defendants BROWN, WOOD, and HARDEN.

The Eighth Amendment prohibits cruel and unusual punishment; prison officials violate that amendment when they are deliberately indifferent to a substantial risk of serious harm to inmates.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001).  Farmer v. Brennan, 511 U.S. 825 (1994), sets out objective and subjective elements that must be shown to establish an Eighth Amendment violation.  As to the objective element, a prisoner must first show that an objectively substantial risk of serious harm existed; and once it is shown that an official is aware of this objectively substantial risk, the official must respond to this risk in an objectively unreasonable manner.  See Marsh, 268 F.3d at 1028-29.  As to the subjective element, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  As Farmer explains, "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"  Id.  Failure to protect from an objectively significant risk that should have been – but was not – perceived, is no infliction of punishment under the Eighth Amendment.  Id. at 838.

To reiterate, in order to constitute "deliberate indifference," the prison

official 1) must have subjective knowledge of the risk of serious harm, and 2) must nevertheless fail to reasonably respond to the risk.  Id. at 837-38.  However, "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . . The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference."  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and quotations omitted).

Defendants Brown, Wood, and Harden should be dismissed from this case for three reasons.  First, Plaintiff makes absolutely no allegation whatsoever about Defendant Brown in the body of his complaint.

In reviewing a complaint, all well-pleaded factual allegations are accepted as true and construed the facts in the light most favorable to the plaintiff. See Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. Fla. 2003). Yet, Plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Iqbal, 129 S.Ct. at 1949.  The plaintiff is not required to set forth all the facts upon which the claim is based, but he must provide a statement sufficient to place the defendants on notice of the nature of the claim. Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996) (quoting Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th

Cir. 1977)). To survive a motion to dismiss, Plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. 1955, 1960. While the threshold of sufficiency that a complaint must meet to survive a motion to dismiss is low, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.  Here, where Plaintiff makes no allegation regarding Defendant Brown, the claims against Defendant Brown must be dismissed.

Regarding Defendants WOOD and HARDEN, Plaintiff fails to sufficiently explain how Defendants had knowledge that inmate Olin was a threat to Plaintiff or to what extent he was a threat.  See Gross v. White, 340 Fed. App'x 527, 532 (11th Cir. 2009) (stating that inmate's conclusory allegations about the deputies' "knowledge and/or access to knowledge" about the danger potentially posed by the inmate who attacked him did not state a claim for deliberate indifference); Jones v. Unknown Cook County Guards, No. 93 C 5118, 1995 WL 64892, at *2 (N.D.Ill. Feb. 10, 1995) (stating that conclusory, boilerplate allegation that defendants "knew or should have known" of assailant's history of attacking inmates failed to state a claim where prisoner who was assaulted alleged no facts tending to show that prison officials had actual knowledge of any specific, impending threat to prisoner); Turner v. Caldwell, No. 92 C 385, 1995 WL 124116, at *3 (N.D.Ill.

Mar. 20, 1995) (stating inmate's conclusory assertion that the guards "knew or had reason to know" that another inmate would attack him was an insufficient allegation of deliberate indifference).  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must make more than vague and conclusory assertions.  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1366 (11th Cir. 1998); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). See also Mayberry v. Somner, 480 F.Supp. 833, 836 (E.D.Pa. 1979) (stating that a civil rights complaint which makes only broad and conclusory allegations and fails to state specific facts in support of its conclusions is subject to dismissal, notwithstanding the liberal rules of pleading that prevail in a civil rights action brought by a prisoner).  Plaintiff merely offers a broad conclusory statement that Plaintiff's attacker assaults many inmates while they are restrained without the requisite supporting facts.  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) (stating that "allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983").  Without specific knowledge of inmate Olin being a threat to Plaintiff, the Defendants could not have had the requisite subjective knowledge to be deliberately indifferent.  Jones v. Unknown Cook County Guards, No. 93 C 5118, 1995 WL 64892, at *2 (N.D.Ill. Feb. 10, 1995).

There are no allegations that Defendants were aware, and Plaintiff makes no

factual allegations otherwise, that inmate Olin was going to slip out of his handcuffs and attack Plaintiff.  Accordingly, Plaintiff fails to state a claim for failure to protect against Defendants Wood and Harden.

### III.   Plaintiff has failed to exhaust his administrative remedies as to his claim that Officers paid inmate Olin to assault him.[3]

To the extent that Plaintiff would maintain his wholly conclusory and unsupported allegation that "Officers"[4] paid inmate Olin to assault him, he has not exhausted his administrative remedies.  Pursuant to 42 U.S.C. 1997e(a), "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted "all administrative remedies as are available."  "Exhaustion is no longer left to the discretion of the district court, but is mandatory."  Woodford v. Ngo, 548 U.S. 81, 85 (2006).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."  Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (citation omitted).

The FDOC generally provides a three-step grievance procedure.  See

---

[3] A motion to dismiss is the proper vehicle to determine this issue, even if the court is required to look beyond the pleadings to resolve any disputed issue of fact.  Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).

[4] Plaintiff states that "[t]he officers [paid] Robert Olin to assault [Plaintiff]." DE 1, at 8-9.  It is not clear whether he is referring to Defendants Wood or Harden, or some other correctional officer.  Nevertheless, to the extent that he would contemporaneously allege that Harden and Wood contracted to have Plaintiff assaulted (as well as failed to protect him from said assault), Defendants would contend that his failure to ever file a grievance to this claim precludes its consideration under 42 U.S.C. §1997e(a).

Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004).  First, an inmate must

normally file an informal grievance.  Florida Administrative Code r. 33-103.005.

If the issue is not resolved, the inmate must then file a formal grievance at the

institutional level.  Florida Administrative Code r. 33-103.006.  If the matter is not

resolved at the institutional level, the inmate must file an appeal to the Office of

the Secretary of the FDOC. Florida Administrative Code r. 33-103.007.

> The purposes underlying the requirement of exhaustion are:
>
> (1) to avoid premature interruption of the administrative process; (2)
> to let the agency develop the necessary factual background upon
> which decisions should be based; (3) to permit the agency to exercise
> its discretion or apply its expertise; (4) to improve the efficiency of
> the administrative process; (5) to conserve scarce judicial resources,
> since the complaining party may be successful in vindicating rights in
> the administrative process and the courts may never have to intervene;
> (6) to give the agency a chance to discover and correct its own errors;
> and (7) to avoid the possibility that "frequent and deliberate flouting
> of the administrative processes could weaken the effectiveness of an
> agency by encouraging people to ignore its procedures."

Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir.1998) (quoting Kobleur v.

Group Hospitalization & Medical Services, Inc., 954 F.2d 705, 712 (11th Cir.

1992) (citations omitted)).

Plaintiff filed a formal and an emergency grievance concerning the May 7,

2011 incident limited to the white screen and improper supervision of the day

room.  DE1, at 13-23.   At no time did Plaintiff alert any reviewing authorities of

his current claim that officers **paid** inmate Olin to assault him.  DE1, at 13-23.

Prison administrators are not clairvoyants and cannot address issues which are not reasonably alleged by inmates.  See McKnight v. Quarterman, No. H-07-3359, 2008 WL 2490456 at *3 (S.D.Tex. Jun. 18, 2008) (stating that prison officials did not respond to either of petitioner's grievances in a manner that would suggest that they understood that he was challenging the disciplinary proceeding, his conviction, his First Amendment rights, or the denial of access to rehabilitative programs and thus petitioner has failed to exhaust the administrative remedies available to him with respect to those claims).  Where a claim is not reasonably put forth, prison administrators cannot gather a record or exercise their discretion. Where, as here, a prisoner confines his claims to safety measures, the FDOC grievance reviewers of those claims are only going to respond to the specific issues brought forth.  The FDOC grievance reviewers are not trained to respond nor required to respond to claims not reasonably assumed from a prisoner's alleged facts.  See Johnson v. Johnson, 385 F.3d 503, 517-18 (5th Cir. 2004).  Plaintiff was required to provide as much information as he had available to him.  Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (stating that section 42 U.S.C. 1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process); Johnson, 385 F.3d at 517 ("[T]he amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining.").  However, Plaintiff

failed to properly provide the grievance reviewers with the information necessary to review his grievances for his current allegation that these officers paid another inmate to do physical harm to him.  Thus, claims that officers paid inmate Olin to attack Plaintiff must be dismissed.

## <u>CONCLUSION</u>

WHEREFORE, Defendants respectfully move this Honorable Court to dismiss the complaint.

Respectfully submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL

/s/ Joy A. Stubbs
JOY A. STUBBS
Assistant Attorney General
Florida Bar No. 0062870

/s/ Cedell Ian Garland
CEDELL IAN GARLAND
Assistant Attorney General
Florida Bar No. 0058640

The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

joy.stubbs@myfloridalegal.com

cedell.garland@myfloridalegal.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing has been furnished

by U.S. Mail to WARREN OLIVER, DC# 781409, Florida State Prison, 7819 NW

228th Street, Raiford, Florida 32026 on this 6<u>th</u> day of January, 2012.

<u>/s/ JOY A. STUBBS</u>
Joy A. Stubbs
Assistant Attorney General