**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**WARREN OLIVER, DC# 781409,**

    Plaintiff,

  -vs-                                             **CASE NO. 3:11-cv-00964-RBD-MCR**

**OFFICER HARDEN,
WARDEN BARRY REDDISH, et al.,**

    Defendants.
_____/

**Defendants' Motion for Stay of Discovery[1]**

Defendants HARDEN, REDDISH, WOOD, SWAIN, and BROWN,[2] through undersigned counsel, request that this Court stay the period for conducting discovery, until after the Court has entered an order deciding the Defendants' motion to dismiss. DE# 15.  Defendants further state:

1.  Plaintiff has filed a civil rights complaint alleging prison officials were deliberately indifferent to a substantial risk of serious harm to him because he was attacked by another inmate.  DE #1.

2. Defendants have filed a motion to dismiss which is pending.  DE# 19.   Defendants have challenged Plaintiff's claims failing to provide enough facts to state a claim for relief (see DE# 19, 5-7); claims premised on supervisory liability (see DE# 19, 2-5); and Plaintiff's failure to exhaust his administrative remedies as to his claim that "officers" paid inmate Olin to assault

---

[1] By filing this motion, the Defendants are not waiving any objections to discovery.

[2] Defendants, by making this appearance, do not waive the service of process requirement as to any unserved or improperly served persons or entities.  Nothing in this motion shall be construed as an appearance on behalf of or a waiver of service of process as to any unserved or improperly served persons or entities.

him (see DE# 19, at 9-11).

    3.  Plaintiff served an Amendment for Interrogatories and Request for Production of Documents.[3]

    4. While the civil rules permit discovery after the filing of the complaint, the district court should prohibit discovery when there is a pending motion to dismiss. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however be resolved before discovery begins."). The Chudasama court's rationale was that postponing discovery until the motion is resolved can save the court and litigants substantial unnecessary costs:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Id. at 1368.

    Motions to stay discovery have been granted where a pending motion may extinguish some or all claims. Riley v. Rutherford, No. 3:10-cv-644-J-34MCR, 2010 WL 4054140 (M.D.Fla. 2010); Glynn v. Basil Street Partners, LLC, No. 2:09-cv-585-FtM-99SPC, 2010 WL 2508605 (M.D.Fla. 2010); Yerk v. People for the Ethical Treatment of Animals, No. 2:09-cv-

---

[3] An earlier attempt to request interrogatories and production of documents contained no dated certificate of service or Department of Corrections' mail stamp to properly verify service.

537-FtM-29SPC, 2010 WL 1730754 (M.D.Fla. 2010).[4]

In this case, if the Defendants' Motion to Dismiss is granted, it will dispose of some or all of the Plaintiff's claims made in the complaint. Accordingly, the discovery requests served on the Defendants should be stayed until the Court decides whether Plaintiff should be permitted to proceed with his complaint.

WHEREFORE, Defendants request that this Court stay the period for conducting discovery, until after the Court has entered an order deciding the Defendants' motion to dismiss.

Respectfully submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL

/s/ Joy A. Stubbs
Joy A. Stubbs
Assistant Attorney General
Florida Bar No. 0062870
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
joy.stubbs@myfloridalegal.com

/s/ Cedell Ian Garland
CEDELL IAN GARLAND
Assistant Attorney General
Florida Bar No. 0058640
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
cedell.garland@myfloridalegal.com

---

[4] Copies of the unpublished opinions cited by Defendants from the Westlaw database are being provided to the incarcerated *pro se* Plaintiff with service of this motion.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to WARREN OLIVER, DC# 781409, Apalachee Correctional Institution East, 35 Apalachee Drive Sneads, Florida 32460-4166 on this 31st day of January, 2012.

                                            /s/ JOY A. STUBBS
                                            Joy A. Stubbs
                                            Assistant Attorney General