**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WARREN OLIVER,

    Plaintiff,

v.                                                             Case No. 3:11-cv-964-J-37MCR

OFFICER HARDY, et al.,

    Defendants.

## **ORDER**

Plaintiff Oliver has filed a document entitled "Retaliation Transfer" (Request for Injunctive Relief) (Doc. #30). He seeks a transfer from his current institution, Apalachee Correctional Institution, because he believes that he is being retaliated against by correctional officers. He states the officers have verbally harassed him due to his civil suit. He also complains that he received a disciplinary report for tearing up a blanket, which he claims he did not tear up. He states that he is in fear for his life. Plaintiff asserts that he told the doctor he wanted to kill himself, and the doctor placed him on medication but failed to place him in protective status.

Plaintiff is not entitled to the relief he seeks.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
>     (a) there is a substantial likelihood of success on the merits;

> > (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> > (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> > (d) the TRO or preliminary injunction would not be averse to the public interest.
>
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). However, the Eleventh Circuit has cautioned that a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Plaintiff has not shown that he has a substantial likelihood of succeeding on the merits of his claims. Moreover, he has failed to show that he will suffer irreparable injury if an injunction is not granted. Upon consideration, Plaintiff has completely failed to establish the burden of persuasion as to any of the prerequisites for injunctive relief. Accordingly, for all of the above-stated reasons, Plaintiff's request for injunctive relief will be denied.

Further, the decision of where to confine a particular inmate is certainly within the broad discretionary authority of the custodial officials:

> Generally, "[custodial] officials have broad administrative and discretionary authority over the institutions they manage and... incarcerated persons retain only a narrow range of protected liberty interests." Hewitt, 459 U.S. at 467, 103 S.Ct. at 869. Moreover, inmates usually possess no constitutional right to be housed at one prison over another. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989).

This Court will not interfere with the day-to-day decision-making of the prison officials concerning the housing assignments of inmates as that is the type of decision which typically is made by prison administrators with the expertise to make these decisions, taking into account the safety and security of the prison staff and inmates.  Plaintiff has not shown that he will suffer irreparable injury if he remains confined at the Apalachee Correctional Institution.

Although Plaintiff's Request for Injunctive Relief is due to be denied, the Court will send a copy of the Request for Injunctive Relief and this Order to the Inspector General for whatever action may be deemed appropriate in light of Plaintiff's allegations.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Request for Injunctive Relief (Doc. #30) is **DENIED**.

2.      The **Clerk** shall send, by facsimile, a copy of the Request for Injunctive Relief and this Order to the Inspector General for whatever action may be deemed appropriate in light of Plaintiff's allegations.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of February, 2012.

ROY B. DALTON JR.
United States District Judge

sa 2/28
c:
Warren Oliver
Inspector General (FDOC)
Counsel of Record