## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WARREN OLIVER,

       Plaintiff,

v.                                                    Case No. 3:11-cv-964-J-37MCR

OFFICER HARDY, et al.,

       Defendants.

_____

### ORDER

Plaintiff Oliver has filed a document entitled "Motion to Stop Officers f[rom] Retaliating" (Request for Injunctive Relief) (Doc. #50). He seeks a Court order directing the officers at Florida State Prison to stop retaliating against him. He also requests that the Court direct the Federal Bureau of Investigation go to the prison to "converse" with Plaintiff about the conditions of his confinement and the deprivations experienced at Florida State Prison. Stating he is in fear of his life, Plaintiff asserts that the officers on J-wing have verbally harassed him due to his civil suit.

Plaintiff is not entitled to the relief he seeks.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;

> (c) the threatened injury outweighs the harm that
> the TRO or preliminary injunction would cause to
> the non-movant; and
> (d) the TRO or preliminary injunction would not be
> averse to the public interest.

See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001).  However, the Eleventh Circuit has cautioned that a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Plaintiff has not shown that he has a substantial likelihood of succeeding on the merits of his claims.  Moreover, he has failed to show that he will suffer irreparable injury if an injunction is not granted.  Upon consideration, Plaintiff has completely failed to establish the burden of persuasion as to any of the prerequisites for injunctive relief.  Accordingly, for all of the above-stated reasons, Plaintiff's Request for Injunctive Relief will be denied.

Although Plaintiff's Request for Injunctive Relief will be denied, the Court will send a copy of the Request for Injunctive Relief and this Order to the Inspector General for whatever action may be deemed appropriate in light of Plaintiff's allegations.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Request for Injunctive Relief (Doc. #50) is **DENIED**.

2.      The **Clerk** shall send, by facsimile, a copy of the Request for Injunctive Relief and this Order to the Inspector General for whatever action may be deemed appropriate in light of Plaintiff's allegations.

**DONE AND ORDERED** at Jacksonville, Florida this 6 day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 8/6
c:
Warren Oliver
Inspector General (FDOC)
Counsel of Record

3